UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARIA DE LA PAZ LUQUIN DE GARZA,

Petitioner,

v.

WARDEN/OFFICER IN CHARGE, current ICE detention facility; SAN DIEGO FIELD OFFICE DIRECTOR, U.S. Immigration and Customs Enforcement; SENIOR OFFICIAL PERFORMING THE DUTIES OF DIRECTOR, U.S. Immigration and Customs Enforcement; SECRETARY, U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement and U.S. Department of Homeland Security,

Respondents.

Case No.: 3:26-cv-3607-JES-JLB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 WITHOUT PREJUDICE**

**[ECF No. 1]**

Before the Court is Petitioner Maria de la Paz Luquin de Garza's ("Petitioner") Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1 ("Pet."). Pursuant to the Court's Order to Show Cause, Respondents (the "Government") filed the Return. ECF No. 2; ECF No. 4, ("Ret."). Petitioner filed a Traverse on June 25,

//

2026. ECF No. 5 ("Trav."). The Court, then, took the matter under submission. For the reasons below, the Court **DENIES** the Petition without prejudice.

## I. BACKGROUND

Petitioner, a native and citizen of Mexico and a longtime lawful permanent resident ("LPR"), is detained by U.S. Immigration and Customs Enforcement pending removal proceedings before the Otay Mesa Immigration Court. Pet. ¶ 1. Petitioner initially entered the United States and was granted LPR status in 1975. *Id.* ¶ 52. Her adult life, family, community, and rehabilitation are all centered in the United States. *Id.* ¶ 53.

On January 3, 2019, Petitioner was apprehended at the Otay Mesa Port of Entry after immigration officers discovered controlled substances concealed in her vehicle. ECF No. 4–2 at 2–3. She was paroled into the United States for criminal prosecution, pleaded guilty to two counts of importation of methamphetamine and heroin, in violation of 21 U.S.C. §§ 952 and 960, for which she received a seventy-one-month sentence, followed by four years of supervised release. ECF No. 4–3 at 8–14; *United States v. Luquin De Garza*, No. 3:19-CR-00350-GPC (S.D. Cal. Aug. 23, 2019). On April 5, 2023, the district court reduced the term of imprisonment to time served, under 18 U.S.C. § 3582(c)(1)(A), releasing Petitioner with the four-year term of supervised release intact. ECF No. 4–3 at 14–21.

Department of Homeland Security ("DHS") did not initiate removal proceedings following Petitioner's release from custody in 2023. Pet. ¶ 57; Trav. ¶ 57. She returned to the community, worked as a housekeeper, and maintained longstanding family and community ties in the San Diego area. Pet. ¶¶ 61–62; Trav. ¶¶ 61–62.

On May 13, 2026, Petitioner applied for admission at the Otay Mesa port of entry. ECF No. 4–4 at 2. Based on her 2019 drug-importation convictions, Respondents deemed her inadmissible, under INA § 212(a)(2)(C)(i), 8 U.S.C. § ("Section") 1182(a)(2)(C)(i), and took her into custody. ECF No. 4–1 at 5; ECF No. 4–4 at 5. As of the Return's filing, Petitioner had been in immigration custody for less than two months. ECF No. 4 at 5.

Petitioner brings this action, seeking immediate release or an individualized bond hearing. Pet. at 20–21; Trav. at 14–15. The Government contends that Petitioner is subject

to mandatory detention under Section 1226(c), that Section 1252(g) strips this Court of jurisdiction, and that her brief detention does not yet raise due process concerns. Ret. at 1–6.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

The Return focuses primarily on the length of Petitioner's detention and the application of Section 1226(c). *See* Ret. at 1–6. It is notably silent, however, on a more fundamental question: whether Petitioner's status as a fifty-two-year LPR created a constitutionally protected liberty interest requiring process before she was deprived of her freedom. *See generally* Ret. This issue has been addressed by the undersigned in *Gergawi v. LaRose*, No. 3:25-CV-3352-JES-MMP, 2025 WL 3719321, at *2–4 (S.D. Cal. Dec. 23, 2025), *Chavarro Velez v. Warden*, No. 3:26-cv-01889-JES-MSB, 2026 WL 972759, at *2-4 (S.D. Cal. Apr. 10, 2026), and *Burton v. LaRose*, No. 3:26-cv-2627-JES-BJW, 2026 WL 1256875, at *2–3 (S.D. Cal. May 7, 2026). The Court, therefore, elects to follow the rationale stated in those decisions, and incorporates it by reference. *Gergawi*, 2025 WL

//

3719321, at *2–4; *Chavarro Velez*, 2026 WL 972759, at *2–4; *Burton*, 2026 WL 972759, at *2–4.

**A. Jurisdiction**

Based on the facts of this Petition, the Court finds that Section 1252's jurisdiction stripping provisions do not bar it from considering Petitioner's habeas Petition. *See Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2–3 (S.D. Cal. Oct. 30, 2025). Further, the prudential administrative exhaustion requirement for 28 U.S.C. § 2241 claims is excused. Thus, the Court finds that it has jurisdiction to hear the Petition.

**B. Petitioner has a Protected Liberty Interest but is Properly Regarded as an Applicant for Admission.**

Courts have overwhelmingly recognized that LPRs possess a particularly weighty liberty interest in remaining free from immigration custody. *See e.g.*, *Oregel Amezcua v. Noem*, No. 5:26-CV-01070-SRM-AGR, 2026 WL 1048212, at *5 (C.D. Cal. Mar. 25, 2026) ("[L]awful permanent resident [noncitizens] are the most favored category of [noncitizens] admitted to the United States," because "the immigration laws give LPRs the opportunity to establish a life permanently in this country by developing economic, familial, and social ties indistinguishable from those of a citizen.") (quoting *Kim v. Ziglar*, 276 F.3d 523, 528 (9th Cir. 2002) and *Demore*, 538 U.S. at 544); *Duong v. Kaiser*, No. 25-cv-7598, 2025 WL 2578275, at *2 (N.D. Cal. Sept. 6, 2025) (concluding that the LPR "has a protected liberty-interest in remaining out of custody, which would allow him to continue to serve his community and provide for his family"). That interest, however, does not resolve whether her present detention is lawful.

Although LPRs ordinarily need not seek readmission after travel abroad, that treatment does not apply where the resident "has committed an offense identified in section 1182(a)(2)," including a crime involving moral turpitude. 8 U.S.C. § 1101(a)(13)(C)(v); id. § 1182(a)(2)(A)(i)(I). A LPR may be regarded as seeking admission as soon as she has committed the qualifying crime. *Blanche v. Lau*, 609 U.S. ---- (2026).

Petitioner was convicted of importing methamphetamine and heroin. ECF No. 4–3 at 8–14. Such offenses involve illicit trafficking in controlled substances that constitute crimes involving moral turpitude, which occurred prior to her presenting herself at a port of entry in May 2026. She is, therefore, properly regarded, under Section 1101(a)(13)(C)(v), as an applicant for admission notwithstanding her LPR status and "may be charged with any applicable ground of inadmissibility under section 1182(a)," including being convicted of "a crime involving moral turpitude." 8 U.S.C. §§ 1229a(a)(2), 1182(a)(2)(A)(i)(I). Thus, the Court finds that, despite her LPR status, Petitioner is properly regarded as an applicant for admission.

**C. Petitioner is Subject to Mandatory Detention**

Because Petitioner is properly regarded as an applicant for admission who is inadmissible for a crime involving moral turpitude, she falls within the class of noncitizens subject to mandatory detention under Section 1226(c)(1)(A). *See Rowe v. Archambeault*, No.: 26-cv-01744-GPC-DEB, 2026 WL 879487, at *2–3 (S.D. Cal. Mar. 31, 2026). The passage of time since her 2019 convictions and the absence of a danger or flight-risk finding do not change this result.

Congress has determined that noncitizens, described in § 1226(c), are to be detained without an individualized bond hearing for the period reasonably necessary to complete removal proceedings. 8 U.S.C. § 1226(c)(1)(A). When challenged under due process, the Supreme Court has upheld this statutory scheme. *Demore*, 538 U.S. at 526–31; *see also Jennings v. Rodriguez*, 583 U.S. 281 (2018).

On this record, Petitioner's detention has not extended beyond what is reasonably necessary to complete the removal proceedings, which are currently pending. Pet. ¶ 1. The fact that her qualifying convictions predate the current proceedings does not remove her from Section 1226(c)'s mandatory-detention framework or independently establish a due process violation. The Court, therefore, must deny the Petition.

//

//

Because Petitioner is lawfully detained under Section 1226(c), the Court declines to address her alternative request for a bond hearing under Section 1226(a)—which applies only to noncitizens not subject to mandatory detention under Section 1226(c).

## IV. CONCLUSION

For the reasons discussed above:

(1) The Court **DENIES** the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241;

a. This action is **DISMISSED**, without prejudice to Petitioner's right to seek habeas relief upon a material change in circumstances, including any unreasonable delay in the completion of her removal proceedings; and

(2) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: August 18, 2026

Honorable James E. Simmons Jr.
United States District Judge